# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 14, 2025

Lyle W. Cayce
Clerk

No. 25-50031

———————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Fernanda Itzel Rivas,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CR-1822-1

———————————————————————

Before King, Jones, and Wilson, *Circuit Judges*.
Per Curiam:[*]

On July 24, 2024, Rivas was arrested at the Bridge of the Americas port of entry in El Paso, Texas. Rivas had over seven kilograms of cocaine in her car at the time of her arrest. Rivas also had her five-year-old son and six-month-old daughter in the car. Rivas was charged and pled guilty to, importing and possessing with intent to distribute, a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. §§ 8411 (a)(1),

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50031

(b)(1)(C), 952(a), 960(a)(1), and 960(b)(3). She also pled guilty to possession with intent to distribute, a quantity of a mixture or substance containing a detectable amount of cocaine, in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 841(b)(1)(C).

## I.

Rivas is a nineteen-year-old U.S. citizen, born in El Paso, Texas. She lives in Ciudad Juarez, Mexico with her husband. Her mother and brother also live in Mexico. On the night of July 23, 2024, Rivas received a call from an un-indicted coconspirator ("UCC"). Rivas was told there would be drugs for her to deliver the following day. On July 24, 2024, Rivas arrived at the UCC's residence and received over seven kilograms of cocaine. The cocaine was placed in a hidden non-factory compartment of her vehicle. This was not her first delivery. Rivas admitted to smuggling cocaine for the UCC for at least a year.

After Rivas pled guilty, a probation officer ("PO") prepared a presentence report ("PSR"). In the PSR, the PO recommended Rivas' offense level be enhanced under § 3B1.4 of the U.S. Sentencing Guidelines, for using or attempting to use a minor to avoid detection of crime.

Prior to sentencing, Rivas objected to the enhancement. At the sentencing hearing, Rivas again raised her objection to the enhanced sentence. The district court overruled the objection and applied the enhancement.

## II.

This court reviews the district court's interpretation and application of the Sentencing Guidelines, de novo. *United States v. Mata*, 624 F.3d 170, 174 (5th Cir. 2010). A defendant uses a minor within the meaning of Sentencing Guideline § 3B1.4, if the defendant directs, commands, or procures the minor. *Id.* at 175. To trigger the enhancement; a defendant must take

affirmative action to involve the minor in the crime. *United States v. Powell*, 732 F.3d 361, 380 (5th Cir. 2013). Direct evidence conclusively establishing intent is not necessary. *United States v. Robinson*, 654 F.3d 558, 562 (5th Cir. 2011). The sentencing court is permitted to make common-sense inferences from the circumstantial evidence. *Id.* Under the clearly erroneous standard, this court will uphold the factual findings that support the enhancement "so long as it is 'plausible in light of the record as a whole.'" *United States v. Salinas*, 918 F.3d 463, 465 (5th Cir. 2019) (quoting *United States v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006)).

### III.

In this case, the district court found that Rivas worked as a drug smuggler for a year and a half. Each time she crossed the border with drugs, she had at least one of her children in the car with her. She made large drug deliveries to El Paso, Texas; Odessa, Texas; and Albuquerque, New Mexico. The court concluded this was a lucrative venture, in which Rivas was paid an enormous amount of money. Rivas argues there was no direct or circumstantial evidence proving she took her kids for the purpose of avoiding detection. The court inferred based on the circumstantial evidence, she used her children as a decoy. Under *Robinson,* the district court can make a common-sense inference based on the circumstantial evidence. *Robinson*, 654 F.3d 558, 562 (5th Cir. 2011). Conclusive evidence of intent is not necessary.

Rivas argues that the presence of her children on each of her drug deliveries is evidence she did not have intent to avoid detection, but that she was the only care giver available. A similar argument was made in *Powell,* where the parents argued they did not have the means to hire a babysitter. *Powell*, 732 F.3d at 381. Just as in *Powell,* there are facts rebutting this

3

argument.[1] First, Rivas placed her children in the car, on a pre-planned drug delivery, which is an affirmative act involving her children in the crime. *Id.* In *Powell*, there was evidence the parents believed the child's presence could assist in avoiding detection, but the court rejected that argument. *Id.* In this case, Rivas argues she had no other care giver for her children. The court discredits Rivas' argument after she admits her mother previously took care of one of her children full-time. Additionally, it is just as plausible, in light of the record, for the district court to conclude that for over a year Rivas had her children with her on drug deliveries and successfully avoided detection.[2] On July 24, 2025, she continued to execute the same plan, but this time she was caught.

In light of the record, it is reasonable to infer that Rivas used her children to avoid detection. There is no clearly erroneous error in the factual findings and the circumstantial evidence supports the district courts conclusion.

_____

[1] *Id.* (concluding that, the statement made by Powell, that he just returned from picking up his child, was additional circumstantial evidence that the minor was used to avoid detection). Rivas relies heavily on the statement in Powell being used as a cover story for Powell's whereabouts. That did not happen here, so Rivas argues the enhancement is not appropriate. This court has not required direct evidence of why the child was present, or an explicit attempt to use the child as a cover story. Any circumstantial evidence from which the district court can make a common-sense inference, permits an enhancement under § 3B1.4.

[2] *United States v. Lara*, 23 F.4th 459, 485 (5th Cir. 2022) (stating evidence the child was being used as a cover story in addition to the border agent testimony supported applying the enhancement). There was no evidence that the child was used as a cover story in this case. However, the evidence that a child was present on every drug delivery supports the conclusion that this was a part of a year long plan to avoid detection.

No. 25-50031

## IV.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

No. 25-50031

Carolyn Dineen King, *Circuit Judge*, concurring in the judgment to affirm the district court's application of the enhancement under U.S.S.G. § 3B1.4 to Rivas's sentence.

As the district court found, Rivas was a "professional smuggler" who was part of a sophisticated operation in which she (1) smuggled large quantities of drugs across the border, (2) to three cities in two different states, (3) for at least a year, (4) in a car that was specifically modified for drug running, (5) earning large sums of money for each bundle of cocaine, (6) and with one or both of her children in the car on each trip. Additionally, her mother, with whom one of the children had lived for a period of time, lives in the same city as Rivas. These facts, taken together, infer that the children's presence was more than a lack of babysitter—they were decoys used to ensure that her lucrative criminal activities would remain undetected by law enforcement.